UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/15/2023

| | |
|---|---|
| Fred Alston, as a Trustee of the LOCAL 272 LABOR-MANAGEMENT PENSION FUND; Fred Alston, as a Trustee of the LOCAL 272 WELFARE FUND,<br><br>                    Plaintiffs,<br><br>          -v.-<br><br>3100 MP PARKING INC.,<br><br>                    Defendant. | 23 Civ. 6289 (JHR)<br><br>ORDER |

JENNIFER H. REARDEN, District Judge:

On July 27, 2023, Defendant 3100 MP Parking Inc. was served with the Summons and Complaint. *See* ECF No. 7. Pursuant to Federal Rule of Civil Procedure 12, Defendant was required to respond to the Complaint by August 17, 2023. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). On September 1, 2023, after that deadline had passed, the Clerk of Court entered a Certificate of Default. ECF No. 11. On September 12, 2023, Defendant's Chief Operating Officer Curity Jeffry filed a letter, *pro se*, which purports to be an "Answer" "to Vacate the Default Judgment." ECF No. 12.

Defendant's request is DENIED. A corporation, which is an artificial entity, may only appear in federal court through a licensed attorney; a corporation may not appear *pro se*. *See* 28 U.S.C. § 1654; *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) ("Although 28 U.S.C. § 1654 . . . provides that '[i]n all courts of the United States[,] the parties may plead and conduct their own cases personally or by counsel,' it is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed pro se."). This rule "has been applied to dismiss any action or motion filed by a corporation

purporting to act *pro se*." *Grace v. Bank Leumi Trust Co. of N.Y.*, 443 F.3d 180, 192 (2d Cir. 2006).

Therefore, Defendant's request is a "nullity." *Batac Dev. Corp. v. B&R Consultants, Inc.*, No. 98 Civ. 721 (CSH), 2000 WL 307400, at *2 (S.D.N.Y. Mar. 23, 2000) (denying motion for relief from judgment filed *pro se* by principal of corporation); *see US JVC Corp. v. Caribbean Wholesales & Serv. Corp.*, No. 93 Civ. 4853 (PKL), 1993 WL 307803, at *1 (S.D.N.Y. Aug. 10, 1993) (holding that motion to dismiss filed by defendant corporation *pro se* "cannot be considered by the Court as a proper response to the complaint under [Federal] Rule [of Civil Procedure] 12").

Accordingly, **within 30 days of service of this Order**, Defendant shall obtain representation through a licensed attorney to appear in this case. The failure to do so may constitute grounds for entry of a default judgment under Federal Rule of Civil Procedure 55. *See City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 130 (2d Cir. 2011); *Grace*, 443 F.3d at 192; *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1310 (2d Cir. 1991).

The Clerk of Court is directed to mail a copy of this Order to Defendant.

SO ORDERED.

Dated: September 15, 2023
       New York, New York

                                        JENNIFER H. REARDEN
                                        United States District Judge